Robinson, J.
 

 The plaintiff in error, Sarah Hannah Wilson, filed her petition in the court of common pleas of Cuyahoga county, November 3, 1926. In her petition she alleges that on August 23, 1926, through the negligence of the defendant in error, the city of East Cleveland, she received an injury, at a manhole in the streets of said city, and prayed for damages.
 

 The city defended upon the ground, among others, that amended Section 87 of the City Charter of the city of East Cleveland, Ohio, provided, in part: “That no action shall be brought against the City of East Cleveland whereby it is sought to recover damages for personal injury, property damage or wrongful death arising or sustained upon the pub-
 
 *254
 
 lie highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts within the corporation of East Cleveland, by reason of the alleged negligence of the city, and under which it is sought to hold the city liable, without first filing, within thirty days from the time such alleged injury, damage or wrongful death was sustained, with the City Commission, a statement in writing setting forth the time, place and manner in which said damage or wrongful death occurred, and the amount claimed as damages by reason of the alleged negligence of the city, and failure so to do shall be deemed a waiver of the right to such cause of action, provided that the provisions of this section, as to time of filing statement in writing with the Commission, shall not apply to an infant, or to a person mentally incapacitated, suffering such injury to person or property, but in no event shall such infant, or person mentally incapacitated, or his legal representative, bring an action for such damage to person or property against the city until such statement in writing has been filed with the City Commission and thirty days thereafter has elapsed. ’ ’
 

 To this defense plaintiff in error demurred, which demurrer was overruled, and, plaintiff in error not desiring to plead further, judgment for the defendant in error was entered, which judgment was affirmed by the Court of Appeals.
 

 The question raised in this case is not of the reasonableness of the provisions of Section 87 of the Charter of the city of East Cleveland, but is of the power of a municipality, by charter or ordinance, to prescribe a condition precedent to the attachment
 
 *255
 
 of liability for a breach of duty imposed by Section 3714 of the General Code of Ohio.
 

 The public highways of the state, whether designated as public roads, highways, streets, avenues, or alleys, have been established, improved, and are maintained under general laws enacted by the state in promotion of the general welfare, and are for the use of the whole public. "While the various public highways, under various names, have through the years been located, constructed, and maintained under various legislative schemes, they have always been constructed and maintained under laws enacted by the state as distinguished from the subdivisions; and the fact that one road is designated as a county road, because it has been established, improved, and maintained by the commissioners of the county, at the county’s expense, plus assessments upon land in the vicinity, and another road has been designated as a street, because it has been established, improved, and maintained by a municipality, at the municipality’s expense, plus assessments upon lots adjacent, and another is designated as a state highway, because it has been established or taken over, improved, and maintained by the state, at the expense of the state, does not operate to classify such roads into local and state roads, except in name, and except in so far as the state, by general law, has conferred the control thereof upon local subdivisions and by general law has imposed duties with reference thereto upon local subdivisions — all having been located, improved, and maintained under powers conferred by general laws. The fact that by general laws the expense of a road is borne in part or in whole by a local subdivision, and the control thereof in whole or in part is vested in such sub
 
 *256
 
 division, and the duty to do certain things with reference thereto is imposed upon such subdivision, is but a distribution among the several subdivisions of the state of the burdens and responsibilities of state government, and is an exercise by the state, through such subdivision, of the state’s police power in the furtherance of the general welfare. Hence, when the state by general law has imposed upon one class of its subdivisions, such as counties, the duty to maintain guard rails, and upon another class of its subdivisions, such as municipalities, the duty to keep the streets in repair, the state alone can relieve such subdivisions of such duty, and such subdivisions are without power to relieve themselves of the burden thus imposed by the state.
 

 While the city of East Cleveland has not attempted by Section 87 of its Charter to wholly exempt itself from the liabilities arising out of a breach of the duty imposed by Section 3714, General Code, it has attempted to define and limit the conditions under which liability will attach, and by its charter has provided that unless such conditions, which the state has not prescribed, are complied with, no liability will attach.
 

 The power in a municipality to name the terms upon which it will assume a duty imposed by general law, if it exists at all, exists by virtue of Section 3 of Article XVIII of the Constitution of Ohio; and if it exists to the extent of enabling a municipality to name the terms upon which it will assume the duty, it necessarily must exist to the extent of enabling a municipality to decline to assume the duty at all. The difference between a municipality imposing a condition precedent to the attachment of
 
 *257
 
 liability for a breach of duty imposed by general law and wholly refusing to assume such duty and a consequent liability for its breach is one of degree only, and requires the existence and exercise of the same character of power, a police power of its own, superior to the exercised police power of .the state, a power which is expressly not granted to municipalities by the Constitution of Ohio.
 

 The provision of Section 87 of the Charter of the city of East Cleveland, quoted in the statement hereto, prescribes a condition precedent to the attachment of liability of the municipality for failure to perform a duty imposed by general law, which the state itself has not prescribed, and to that extent is in conflict with general law, and for that reason is void.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.